[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER OF THE COURT
This mater having come before the court upon the Receiver's Motion for Order of Payment, the matter having been heard, the court orders as follows:
1. Vendor Obligations
The Bank shall promptly pay to the Receiver the sum of $131,145.37.[1]
2. Outstanding Gift Certificates and Banquet Deposit
Prime Consulting Group, Inc. shall place an advertisement once, within the legal notices section of the New London Day, advertising that anyone claiming an unredeemed gift certificate arising out of the summer operation of Harborview or Skipper's Dock Restaurants should within ten (10) days submit their claims to Prime with documentary proof. Also contained in said advertisement shall be a notice to Ellen M. McLaughlin (if her direct address cannot be ascertained) providing her with the same deadline in which to assert a claim. Upon receipt of claims supported by documentary proof, the same will be submitted to the Bank which shall forthwith pay them within two (2) weeks. If claims supported by documentary proof are not submitted within ten (10) days of the legal notice in the newspaper, they shall be disallowed. The Bank shall pay for the advertisement expense.
3. Receiver's Fees and Expenses
CT Page 6617
The Bank shall forthwith pay to the Receiver the sum of $58,733.36 for the outstanding fees and expenses of Prime Consulting Group, Inc. in conjunction with the receivership of the Harborview and Skipper's Dock Restaurants.
4. Receiver's Claims for Legal Fees
The court awards the Receiver legal fees in the total amount of $48,048.12 and the Bank is forthwith ordered to pay to Receiver, said amount.
5. Outstanding Tax Obligations
The Receiver shall continue to hold in escrow the sum of $30,889.16 in its possession in an effort to resolve outstanding tax obligations. If said escrow and tax issues have not been resolved within six (6) months, or if claims are made that exceed the escrow, this court shall retain jurisdiction to decide further orders or disposition of said funds. Alternatively, the Bank may assume sole custody care and control of said funds, upon assumption of the obligation to resolve the outstanding tax issues.
6. Obligation to Prepare 1995 — 1996 Tax Returns
The court orders the Bank to pay the expense, not to exceed $5,000.00, for the preparation of 1995 — 1996 tax returns for the operation of the receivership or alternately to assume the obligation to ensure that said tax returns are filed.
7. Disposition of Remaning Inventory
Upon completion of the filing of 1995 — 1996 tax returns (or the assumption of the Bank of the obligations to file the same) and upon resolution of the tax escrow and outstanding tax obligations (or upon assumption of the Bank of the obligation to resolve those issues), the Receiver shall turn over to the Bank the computer purchased with receivership funds, and at the option of the Bank, shall also turn over the books and records of the receivership. The Receiver shall turn over to the Bank at this time the remaining operating account balance of $148.62.
8. Outstanding Loans
The Bank has not recovered or setoff any of its outstanding CT Page 6618 loans to the Receiver as there are insufficient receiver assets to repay the Bank.
D. Michael Hurley Judge Trial Referee